FILED

NOV 18 2020

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                m

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIAN HILLS HOLDINGS, LLC, a California limited liability company, | Case No.: 3:20-cv-00461-BEN-AHG |
| Plaintiff, | **ORDER DENYING MOTION FOR PUBLICATION** |
| v. | |
| CHRISTOPHER FRYE, an individual; CONSTRUCTION & DESIGN PROFESSIONALS, CORP., an Arizona domestic for profit (business) corporation; and DOES 1-10, | **[ECF No. 5]** |
| Defendants. | |

## I.   **INTRODUCTION**

Plaintiff INDIAN HILLS HOLDINGS, LLC, a California limited liability company ("Plaintiff") alleges that Defendant CHRISTOPHER FRYE, an individual ("Mr. Frye"), and CONSTRUCTION & DESIGN PROFESSIONALS CORP., an Arizona corporation ("CDP") (collectively, "Defendants") took Plaintiff's money in exchange for promising to provide Plaintiff with goods. *See generally* ECF No. 1. It is further alleged that Plaintiff never received the goods, and Defendants have not refunded the money Plaintiff gave Defendants. *Id.*

Before the Court is Plaintiff's Motion for Service by Publication of the Summons

-1-

(the "Motion"). ECF No. 5.

The motion was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. ECF No. 6. After considering the papers submitted, supporting documentation, and applicable law, the Court **DENIES** Plaintiff's Motion without prejudice and **GRANTS** Plaintiff a final ninety-day (90) day extension of time to effectuate service and/or re-file a Motion with a further showing of reasonable diligence. The Court denies Plaintiff's Motion because as to Mr. Frye, the declaration in support of the Motion fails to (1) show reasonable diligence in attempting to serve Defendants or (2) include the statutorily required non-attorney declaration stating that a cause of action exists against the party to be served. As to CDP, the Court denies the Motion because a corporation cannot be served by publication. Instead, Plaintiff must seek to serve CDP by serving the Secretary of State.

## II.   BACKGROUND

### A.   Statement of Facts

Plaintiff alleges that in November 2019, it entered into contracts to purchase Cultivation "Adult" Extreme Cubes for $182,000.00. ECF No. 1 at 3:12-4:9. Plaintiff alleges it "provided the $182,000.00 to Defendants as full payment in accordance with the terms of the Agreement for the purchase of the Items." ECF No. 1:11-13. However, Plaintiff alleges that it never received the goods, and "Defendants have failed to refund or reimburse Plaintiff for the full amount of the Agreement tendered by Plaintiff." ECF No. 1 at 6:24-25.

Plaintiff also alleges that: (1) Defendant Christopher Frye "is an individual and citizen of the state of Arizona," ECF No. 1:20-21, and (2) Defendant Construction & Design Professionals Corp. ("CDP") is a domestic for-profit corporation, "with its principal place of business at 3271 North Axtell Road, Florence, Arizona 85132," and Mr. Frye "is the agent for service of process registered with the Arizona Secretary of State with an address of 3271 North Axtell Road, Florence, Arizona 85132."

### B.    **Procedural History**

On March 11, 2020, Plaintiff filed a complaint against Defendants alleging claims for relief for: (1) breach of written contract; (2) fraud; and (3) unjust enrichment. ECF No. 1.

On March 11, 2020, the Clerk of the Court issued the summons in this case.  ECF No. 2.

On May 3, 2020, Plaintiff filed a Proof of Service, pursuant to which Rose Drogitis declared that on March 30, 2020 at 3:50 p.m., by delivering a "copy thereof" to Christopher Frye at 3271 North Axtell Road, Florence, Arizona 85132, he served (1) CDP and (2) Christopher Frye as an individual via certified mail with return receipt requested. ECF No. 3, 4.  In other words, Plaintiff attempted to serve both Defendants by certified mail, and by mailing only one, rather than two, copies of the complaint.

On May 30, 2020, Plaintiff filed this Motion for Service by Publication, accompanied by the Declaration of Dan Heilbrun in support thereof.  ECF No. 5.

## III.   **LEGAL STANDARD**

A plaintiff may effectuate service of process of the summons and complaint in any judicial district of the United States pursuant to either: (1) the law of the state in which the district court is located or (2) the methods approved by Rule 4 of the Federal Rules of Civil Procedure ("Rule 4").  FED. R. CIV. P. 4(e).  Under Rule 4, service may be made by delivering a copy of the summons and complaint to (a) the individual personally, (b) the person's dwelling "or usual place of abode[, leaving them] with someone of suitable age and discretion who resides there," or (c) "an agent authorized by appointment or by law to receive service of process."  *Id.*  Rule 4(h) further provides that a corporation may be served "in the manner prescribed by Rule 4(e)(1) for serving individuals. FED. R. CIV. P. 4(f).  There is no provision in the Federal Rules of Civil Procedure authorizing service of the summons by publication.  As such, an individual seeking to serve a defendant by publication of the summons must look to the provisions in Rule 4(e)(1) allowing for service of process to be effectuated under state law in order to do so.  *See, e.g.,* FED. R.

CIV. P. 4(e).

Where service is made under Rule 4(e), "in the manner specified in the state statute, we are governed by the decisions of the Supreme Court of California as to the scope and meaning of the California statute." *Mech. Contractors Ass'n of Am., Inc. v. Mech. Contractors Ass'n of N. Cal., Inc.*, 342 F.2d 393, 398-400 (9th Cir. 1965) (upholding service under California law on a New York corporation that had not been qualified to business in California but had, nonetheless, been doing business there, and service of process had been made by serving California's Secretary of State, who was then required by statute to mail the process, by registered mail, to the company in New York). California law also allows courts to look to both California laws governing service of process as well as the law of the place where the defendant is located. *See, e.g.,* CAL. CIV. PROC. CODE § 413.10(b) (providing that in the case of a defendant outside the State of California, "a summons shall be served . . . as provided in this chapter or as prescribed by the law of the place where the person is served").

Article 3 of California's Code of Civil Procedure ("CCP"), governing "Manner of Service of Summons, provides for various means of service, including but not limited to: (1) personal delivery, CAL. CIV. PROC. CODE § 415.10; (2) leaving the summons and complaint with a person found at the office, dwelling, or house, *id.* at § 415.20; (3) service by Notice and Acknowledgement of Receipt, *id.* at § 415.30; (4) service by mail on persons outside the state, provided the return receipt is returned, *id.* at § 415.40; and (5) service by publication, *id.* at § 415.50. *See also* ARIZ. R. CIV. P. 4.1(d) (providing that under the Arizona Rules of Civil Procedure, an individual may be served by delivering a copy of the summons and complaint to the: (1) individual personally; (2) individual's dwelling or abode with someone of suitable age who resides there; or (3) agent authorized by appointment or law to receive service of process for the individual). Section 415.50 of the CCP ("Section 415.50"), governing service by publication, provides that "[a] summons may be served by publication if[, *inter alia*,] upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot

with reasonable diligence be served in another manner specified in this article."  In other words, parties must use service by Section 415.50 as a last resort if the other methods of service (e.g., personal delivery, substituted service, service by mail) have failed.

Under Article 4, addressing "Persons Upon Whom Summons May be Served," Section 416.10 of the California Corporations Code ("Section 416.10"), lists "Corporations Generally" as a "person upon whom summons may be served."  That section provides that "[a] summons *may* be served on a corporation by delivering a copy of the summons and the complaint" to either: (1) a designated agent; (2) an officer, manger, or other "person authorized by the corporation to receive service of process"; (3) to a cashier or assistant cashier if the corporation is a bank; or (4) to the Secretary of State if authorized by, *inter alia*, Corporations Code section 2111 ("Section 2111").  CAL. CIV. PROC. CODE § 416.10.  Section 2111, which governs service on foreign corporations[1], in turn, provides that service on the California Secretary of State may be made where none of the officers or agents of the corporation may be found after a reasonably diligent search or "if no agent has been designated."  CAL. CORP. CODE § 2111.  Failure to obtain a certificate of qualification[2] to do business in California or update the listing for an agent for service of process qualifies as a scenario warranting service on the California Secretary of State.  As such, because Defendant CDP failed to designate an agent for

---

[1]   The Corporations Code defines a "foreign corporation" as "any corporation other than a domestic corporation."  CAL. CORP. CODE § 171.  As such, Defendant CDP, as an Arizona corporation, qualifies as a foreign corporation.

[2]   Any foreign corporation wishing to transact business within the State of California must first obtain a certificate of qualification from the Secretary of State.  CAL. CIV. PROC. CODE. § 2105(a).  In order to obtain that certificate, the foreign corporation must file a form, signed by a corporate officer stating, *inter alia*, (1) "[t]he name of an agent upon whom process directed to the corporation may be served within this state" and (2) "[i]ts irrevocable consent to service of process directed to it upon the agent designated and to service of process on the Secretary of State if the agent designated or the agent's successor is no longer authorized to act or cannot be found at the address given."  CAL. CIV. PROC. CODE. § 2105(a).  "The purpose of the certificate of qualification is to facilitate service of process and to protect against state tax evasion."  *The Capital Gold Grp., Inc. v. Nortier*, 176 Cal. App. 4th 1119, 1132 (2009).

service of process in California, service on the California Secretary of State would be appropriate.

### A.     Service by Publication

Under California law, "[c]onsistent with the notions of fair play and due process, substituted service by publication is 'a last resort' when 'reasonable diligence to locate a person in order to give him notice before resorting to the fictional notice afforded by publication' has been exercised." *Calvert v. Al Binali*, 29 Cal. App. 5th 954, 963 (2018). "Personal service remains the method of choice under the statutes and the constitution," and "[w]hen substituted or constructive service is attempted, strict compliance with the letter and spirit of the statutes is required." *Calvert*, 29 Cal. App. 5th at 963 (citing *Olvera v. Olvera*, 232 Cal. App. 3d 32, 41 (1991)).

Section 415.50 governs service of an individual by publication.  Under Section 415.50, a plaintiff may serve a summons by publication only "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner" and that *either* (1) "[a] cause of action exists against the party upon whom service is to be made or . . . she is a necessary or proper party to the action" or (2) "[t]he party to be served has or claims an interest in real or personal property in this state that is subject to the jurisdiction of the court." CAL. CIV. PROC. CODE § 415.50 (a).

### B.     Service on the Secretary of State

"Section 416.10 [of California's Code of Civil Procedure] governs service of process upon corporations generally." *Gibble v. Car–Lene Research, Inc.,* 67 Cal. App. 4th 295, 303 (1998); *see also Rose v. Seamless Fin. Corp. Inc.*, No. 11CV240 AJB KSC, 2013 WL 1285515, at *6 (S.D. Cal. Mar. 26, 2013) (citing *Gibble*).  California's Code of Civil Procedure (the "CCP") along with its Corporations Code jointly vest the courts with the authority to issue an order that service may be made upon the Secretary of State where: (1) a plaintiff proves he or she is unable to personally serve a corporate defendant because the designated agent for service or process cannot with reasonable diligence be found at the

-6-

address designated for personally delivering the process and (2) it is shown by affidavit or declaration to the Court that process cannot be served with reasonable diligence in any other way.  CAL. CODE CIV. PROC. § 416.10; CAL. CORP. CODE §§ 1702 and 2111.

## IV.   DISCUSSION

The Court concludes that, as outlined below, it should deny Plaintiff's Motion because: (1) Plaintiff never requested a hearing date for its Motion; (2) Plaintiff has failed to show reasonable diligence in attempting to serve individual defendant Mr. Frye; and (3) Plaintiff cannot serve CDP, a foreign corporation, by publication.

### A.   Plaintiff Did Not Request a Hearing Date.

Although an Application for Publication of the Summons may be made without a hearing in the superior court, Local Rule 7.1 requires that a hearing date must be requested from the clerk of the judge to whom a case is designed "for any matters on which a ruling is required."  S.D. Cal. Civ. R. 7.1(b); *see also id.* at subdivision (f) (requiring a motion to include the "hearing date and time").  Here, Plaintiff never requested a hearing date, and as such, the Motion should have been rejected.  S.D. Cal. Civ. R. 7.1(e)(7) (providing that "[t]he clerk's office is directed not to file untimely motions and responses . . . without the consent of the judicial officer assigned to the case").

### B.   Plaintiff Has Not Met the Requirements for Serving an Individual by Publication.

The Declaration of Daniel P. Heilbrun,[3] Plaintiff's counsel of record, states that 3217 N. Axtell, Florence, AZ 85132 is the address for Christopher Frye as well as CDP's agent

---

[3]   The Court notes that Mr. Heilbrun's declaration is signed "under the laws of the State of California."  *Compare* 28 U.S.C. § 1746(2) (setting forth the requirements for a sworn declaration) *with Nownejad v. Farmers Ins.*, No. CV 13-6507 PSG (JCX), 2014 WL 12591258, at *3 (C.D. Cal. Sept. 18, 2014) (finding that an attestation in a declaration stating, "I declare under penalty of perjury under the laws of the State of California that the foregoing is true and accurate" is substantially similar to the attestation required under 28 U.S.C. § 1746(2)); *Brantley v. Boyd*, No. 07–6139 SC, 2011 WL 1225630, at *3 (N.D. Cal. Apr. 1, 2011) (same).

-7-

for service process based on current information obtained from the California[4] [sic] Secretary of State.  ECF No. 5 at 5-9.  Mr. Heilbrun also declares that "[s]ervice was attempted on March 17, 18, 19, 20, 2020 by Advanced Attorney Services, yet no one is at the address given."  *Id.* at 5:10-11.  The declaration shows that the address is a gated residence, there was no answer at the door on any of the attempts, there were no vehicles parked at the residence, and on one occasion, there was a package addressed to Cora Musgrave.  ECF No. 5-1 at 6.  On March 30, 2020, following the four attempts at personal service, Mr. Heilbrun attempted to serve by acknowledgement as well as via U.S. Certified Mail, return receipt requested, on both defendants to the address of 3217 N. Axtell,[5] Florence, AZ 85132.  ECF No. 5 at 5:12-13.  The Court notes that the Proof of Service for this Motion lists an attorney for both defendants, Karen A. O'Neil, as having been served.  ECF No. 5-2 at 2.  For the reasons outlined below, the Court finds Plaintiff has failed to show reasonably diligent efforts to serve the individual defendant.

       1.    *Plaintiff Has Not Shown Reasonably Diligent Efforts.*

Section 415.50 requires the plaintiff to show to the court that "the party to be served cannot with reasonable diligence be served in another manner."  CAL. CIV. PROC. CODE § 415.50 (a); *see also* Cal. Judicial Council Com., West Ann. Code Civ. Proc. (1973 ed.) § 415.50 (providing that "[t]he first step in service by publication is the filing of a prescribed

---

[4]    The Court notes that while the declaration states that this information is from the California Secretary of State, the actual exhibit itself is from the Arizona Secretary of State.  The Court takes judicial notice, *sua sponte*, of the fact that CDP has no registration with the California Secretary of State.  *See, e.g.*, Fed. R. Evid. 201(c)(1) (allowing courts to take judicial notice *sua sponte*); *L'Garde, Inc. v. Raytheon Space and Airborne Sys.*, 805 F.Supp.2d 932, 937-38 (C.D. Cal. 2011) (taking judicial notice of records from the California Secretary of State website).

[5]    The Court notes that Mr. Heilbrun's declaration references attempts at 3217 N. Axtell, Florence, AZ 85132 while the Declaration of Due Diligence, Arizona Secretary of State exhibit, and complaint all reference defendants as being located at 3271 N. Axtell, Florence, AZ 85132.  The Proof of Service submitted with Mr. Heilbrun's declaration also lists his address as 3217 N. Axtell, Florence, AZ 85132.  Any further motions to this Court should address whether this was a typographical error, and at which address service was, in effect, attempted.

affidavit showing in detail . . . probative facts indicating a sincere desire and a thorough search to locate the defendant, including the dates thereof and any attempts to serve the defendant by another method of service"). This requirement stems from "notions of fair play and justice embodied in the concept of due process of law," which "require an exercise of reasonable diligence to locate a person in order to give him notice before resorting to the fictional notice afforded by publication." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 332 (1978). The Judicial Council comments to Section 415.50 are instructive in elaborating the showing required for a trial court to find that a party has exercised reasonable diligence in trying to locate the party to be served:

> The term 'reasonable diligence' takes its meaning from the former law: it denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney. A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient. These are likely sources of information, and consequently must be searched before resorting to service by publication.

*Kott v. Super. Crt.*, 45 Cal. App. 4th 1126, 1137–38 (1996) (citing Cal. Judicial Council Com., West Ann. Code Civ. Proc. (1973 ed.) § 415.50, pp. 561–563.)

Reasonable diligence has been held to require "[t]wo or three attempts to personally serve a defendant at a proper place." *Rodriguez v. Cho*, 236 Cal. App. 4th 742, 750 (2015). In addition to attempting personal service, courts also require attempts to serve the defendant by at least one other method. *See, e.g., Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 334 (1978) (holding that where an attorney only employed one method to locate a defendant, the attorney had not exercised reasonable diligence as a matter of law prior to applying to the court for permission to serve by publication); *accord Stafford v. Mach*, 64 Cal. App. 4th 1174, 1183 (1998), *as modified on denial of reh'g* (July 8, 1998) (upholding service of process where "a process server . . . made six attempts at personal service at

Mach's residence," and "[o]n the sixth attempt . . . the server 'announced drop service' and left the papers with him" while mailing the summons and complaint to the same address two days later). Other attempts may include "[a] number of honest attempts to learn defendant's whereabouts or his address" by means of (1) "inquiry of relatives," and (2) "investigation of appropriate city and telephone directories, [voter registries, and assessor's office property indices situated near the defendant's last known location]." *Watts v. Crawford*, 10 Cal. 4th 743, 749, n. 5 (1995) (noting that "[t]hese are likely sources of information, and consequently must be searched before resorting to service by publication"); *see also Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 795 (1983) (holding that notice by publication is not reasonably calculated to provide actual notice to defendants whose whereabouts are known, and thus, "could be notified by more effective means such as personal service or mailed notice"); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) (reiterating that "when notice is a person's due, process which is a mere gesture is not due process"); *Flores v. Kmart Corp.*, 202 Cal.App.4th 1316, 1330 (2012) (finding that "[i]f a creditor's identity is known or reasonably ascertainable, service by publication does not comply with the Fourteenth Amendment due process clause notice requirement—actual notice is constitutionally required").

For example, in *Giorgio v. Synergy Mgmt. Grp., LLC*, 231 Cal. App. 4th 241, 248–49 (2014), the California Court of Appeal affirmed the trial court's conclusion that the complaint could not be served personally or by mail where the plaintiff (1) conducted a search for any addresses associated with the defendant; (2) performed a search online and was able to locate another address associated with the defendant; (3) attempted to serve the defendant by mail at the newly located address "but received a 'Return to Sender Unclaimed' envelope from the United States Postal Service"; (4) verified with the United States Postal Service that the defendant still received mail at the newly located address; and (5) unsuccessfully attempted personal service seven times, using two different process services, at the newly located address.

Here, the Court notes that Mr. Heilbrun's declaration discusses: (1) four attempts at

-10-

personal service at one location and (2) attempts at service by certified mail with no return receipt being returned.  However, Mr. Heilbrun's declaration does not advise whether: (1) he received anything in the mail advising that the mailings were "Returned to Sender Unclaimed," *Giorgio*, 231 Cal. App. 4th at 248–49; (2) performed online searches to locate Defendants' address, such as seeking out Defendants' website, *see id.* (upholding service of process where the plaintiff, among other efforts, conducted a search online for addresses associated with the defendant); or (3) investigated appropriate directories, *Watts*, 10 Cal. 4th at 749, n. 6.  Even if the efforts were, in fact, reasonably diligent, Mr. Beilbrun's does not declaration provide sufficient facts for the Court to arrive at that conclusion. Regardless, this is of little consequence to this Motion because, as discussed below, Mr. Beilbrun's declaration failed to meet the other requirements of Section 415.50.

>           2.    *Plaintiff Has Failed to Provide an Affidavit Showing the Court That a Cause of Action Exists.*

Under California law, service by publication is permitted only where "upon affidavit it appears to the satisfaction of the court in which the action is pending that . . . [a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or property party to the action."  CAL. CODE CIV. PROC. § 415.50(a)(1).  This is because "[f]or the purpose of service by publication, the existence of a cause of action is a jurisdictional fact."  *Harris v. Cavasso*, 68 Cal. App. 3d 723, 726 (1977) (providing that "[t]here must be an affidavit containing a statement of some fact which would be legal evidence, having some appreciable tendency to make the jurisdictional fact appear, for the Judge to act upon before he has any jurisdiction to make the order").  "In other words, Section 415.50(a)(1) requires that the plaintiff provide independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against each defendant whom service by publication is requested."  *Rose*, 2013 WL 1285515 at *3.

Here, Mr. Heilbrun's declaration contains no facts whatsoever as to what facts, if any, could support a cause of action against Defendants as is required by Section 415.50.

*See, e.g., Rose v. Seamless Fin. Corp. Inc.*, No. 11CV240 AJB KSC, 2013 WL 1285515, at *3 (S.D. Cal. Mar. 26, 2013) (rejection the plaintiff's Motion for Publication of the summons as deficient where they simply reiterated service attempts and were "devoid of any facts from which the trial court could draw the conclusion that a cause of action existed against [any of the] defendants"). A review of Plaintiff's complaint reveals that it alleges three claims for relief for: (1) breach of contract; (2) fraud; and (3) unjust enrichment. *See generally* ECF No. 1. Without addressing whether those claims plead a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court examines the allegations pled, *sua sponte*, to evaluate whether a cause of action may, in fact, exist due to the fact that the declaration in support of the Motion failed to address that issue.

As to the first claim for relief, Plaintiff's complaint attached the contract at issue to the complaint. FED. R. CIV. P. 10(C) (explaining that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes"); *see also Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 964 (9th Cir. 2014) (affirming the lower court's consideration of exhibits attached to a complaint on a motion to dismiss). Thus, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). The contract attached to the complaint is not a fully executed contract. Because this is a diversity jurisdiction case,[6] we apply the law of the forum state. *Estate of Darulis v. Garate,* 401 F.3d 1060, 1062 (9th Cir. 2005) (providing that "[i]t is well-settled that in diversity cases federal courts must apply the choice-of-law rules of the forum state"). Thus, under California choice-of-law rules, the Court applies California state law. *See Hurtado v. Super. Crt.,* 11 Cal.3d 574, 580, 581 (1974) (citations omitted). Further, the Contract itself, which is signed by Mr. Frye,[7] on behalf of CDP, provides that the agreement "shall

---

[6]    Plaintiff alleged jurisdiction pursuant to 28 U.S.C. section 1332, alleging that Defendants reside in Arizona, and as such, "there is diversity of citizenship in an amount exceeding $75,000.00." ECF No. 1:5-8.

[7]    A court may take judicial notice of the fact that a contract was signed. *E.g., Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (holding that although the district

be construed under and in accordance with the laws of the State of California." ECF No. 1-2 at 5.

Under California law, the California Commercial Code applies to any contract for the sale of goods. *See, e.g.,* CAL. COM. CODE § 2102 ("Unless the context otherwise requires, "this division applies to transactions in goods"). Plaintiff alleges that in November 2019, they entered into contracts to purchase Cultivation "Adult" Extreme Cubes for $182,000.00, ECF No. 1 at 3:12-4:9, which qualify as goods. *See* CAL. COM. CODE § 2105(1) (defining "goods" as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (Division 8) and things in action"). Thus, the California Commercial Code applies to this case.

Section 2201 of the California Commercial Code requires contracts for the sale of goods "for the price of $500 or more" to (1) be in writing "sufficient to indicate that a contract for sale has been made between the parties" and (2) "signed by the party against whom enforcement is sought." CAL. COM. CODE § 2201(1); *see also* CAL. COM. CODE § 1201(b)(37) (noting that "'signed' includes using any symbol executed or adopted with present intention to adopt or accept a writing"). Here, according to Plaintiff's complaint, the contract was for $182,000.00. As such, the contract exceeded $500 and needed to be in writing, signed by the party to be bound, or Defendants. However, the contract appears to be signed by the party Plaintiff seeks to bind (e.g., Mr. Frye, on behalf of CDP).[8]

---

court could take judicial notice of "the *fact* that [a document] was signed," it erred in taking "judicial notice of *disputed* facts stated in public records"), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Wilbur v. Locke*, 423 F.3d 1101, 1112 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy, Inc.*, 560 U.S. 413 (2010) (taking judicial notice of a consummated agreement in the form of an executed compact). Here, without taking judicial notice of the validity of the contract, the Court takes judicial notice of the fact that the contract attached to the Complaint is not a fully executed a contract; however, it is signed by the party to be bound, or Mr. Frye, although it is not dated.

[8] Even if Mr. Frye had not signed the Contract, the Court finds that the contract would likely be enforceable although it makes no ruling in this regard. There are several

-13-

However, the contract states that Plaintiff was required to pay $50,0000.00 upon executing the agreement and pay the remaining balance of $132,000.00 when Plaintiff received the goods. As a result, the condition precedent for Plaintiff making payment of the balance of $132,000.00 (e.g., receipt of the goods) never occurred, and Plaintiff's payment of that balance without first having received the goods seem curious at best. Recovery of the balance of $132,000.00 may be better suited for recovery under the fraud claim. Regardless, it would appear that a claim for relief for breach of contract exists only with respect to the Court's evaluation of that issue under Section 415.50.

Plaintiff's second claim for relief pleads fraud. "[C]laims sounding in fraud are exceptions to the Statute of Frauds requirement set forth in section 2201, where "[a] contract which does not satisfy the requirements of subdivision (1) but which is valid in other respects is enforceable," because (1) "the goods are to be specially manufactured for the buyer and are not suitable for sale to others in the ordinary course of the seller's business and the seller . . . has made either a substantial beginning of their manufacture or commitments for their procurement"; (2) "the party against whom enforcement is sought admits . . . in court that a contract for sale was made"; and/or (3) payment for the goods has already been made and accepted. CAL. COM. CODE § 2201(3).

Here, by interpreting the evidence in Defendants' favor, the first exception would not apply because the Contract, which Plaintiff attached to the Complaint, states that "[t]he finished goods Inventory is of a type, quantity, and quality usable and salable in the ordinary course of business." ECF No. 1-2 at 2, §5(e). Further, because Defendants have not appeared, no responsive pleadings have been filed, and as such, the Court is unaware of any court documents in which Defendant admits that a contract for sale has been made. Thus, the second exception does not apply. However, it would appear that, assuming the truth of Plaintiff's allegations, the third exception would apply as Plaintiff alleges that "[i]n reliance and in conformity with the Agreement at issue, Plaintiff provided $182,000.00 to Defendants as full payment in accordance with the terms of the Agreement for the purchase of items." ECF No. 1 at 5:11-13. However, the Court also notes that the Contract attached to the Complaint provides that "a balance of $132,000.00" shall be paid on the Closing Date, when the inventory, equipment, and fixtures are transferred to a location in Santa Monica. ECF No. 1-2 at 2, §4. Thus, without ruling on the validity of the contract or the agreement between the parties, the Court notes that the agreement attached to the complaint would appear to indicate that full payment was not due until Plaintiff received the goods. *See also* CAL. COM. CODE § 2310(a) (providing that unless the contract provides otherwise, "[p]ayment is due at the time and place at which the buyer is to receive the goods even though the place of shipment is the place of delivery").

-14-

subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure, which requires that a plaintiff alleging fraud 'must state with particularity the circumstances constituting fraud.'" *Goldstein v. Gen. Motors LLC*, 445 F. Supp. 3d 1000, 1010 (S.D. Cal. 2020); *see also* Fed. R. Civ. P. 9(b) (requiring that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constitute fraud or mistake"). In order to meet Rule 9's heightened pleading standard, "the circumstances constituting the alleged fraud [must] be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotations omitted). Thus, pleading claims for relief for fraud require "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (internal quotation marks omitted); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.") (internal quotation marks omitted). The Court concludes that Section 415.50 requires a declaration in support of Plaintiff's Motion for Publication to include evidence as to the existence of a fraud claim for relief against Defendants and how or why they are a necessary party to the action. Plaintiff included no such evidence. Currently, while the complaint may show a claim for fraud exists, Plaintiff must submit a declaration regarding the aforementioned missing allegations should Plaintiff desire to seek to serve Mr. Frye by publication in the future.

As to the third claim for relief, the Court notes that while "California does not recognize unjust enrichment as a claim for relief," *see Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (citing *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010)), federal courts have declined dismissal of such a claim for relief on the basis that it may constitute a plausible claim for quasi-contractual relief, *Jordan v. Wonderful Citrus Packing LLC*, No. 118CV00401AWISAB, 2018 WL 4350080, at *3

(E.D. Cal. Sept. 10, 2018).   As such, it would appear that while a claim for unjust enrichment may exist under the complaint, Plaintiff should include facts pertaining to this claim as well in any declaration Plaintiff may later submit to the Court.

Finally, an affidavit in support of a request for service by publication "must state facts based on knowledge and not on mere hearsay." 4 Witkin, Cal. Procedure (5th ed. 2019) Actions § 1037.   "A number of decisions carrying out this idea say that the test of the sufficiency of the affidavit is whether it could be the foundation of an indictment for perjury if false." *Id.*   Affidavits by a plaintiff's attorney have been held insufficient to meet the jurisdictional requirement for a court to issue an order for publication. *See, e.g.,* *Columbia Screw Co. v. Warner Lock Co.,* 138 Cal. 445, 447-48 (1903) (holding that a declaration by a plaintiff's attorney concerning an indebtedness "stated upon information received by me received from plaintiff by me" was not a written declaration under oath that a cause of action existed against the defendant; thus, the court lacked jurisdiction to make the order for publication, and the judgment should be reversed); *Harris v. Cavasso,* 68 Cal. App. 3d 723, 726 (1977) (providing that "the affidavit filed by plaintiffs' attorney is devoid of any facts from which the trial court could draw the conclusion that a cause of action existed against defendants").   Even a verified complaint has been held insufficient to meet this jurisdictional requirement. *See Harris v. Cavasso,* 68 Cal. App. 3d 723, 726 (1977) (noting that "[c]ontrary to plaintiffs' assertion, the verification of the complaint by plaintiffs' counsel on his information and belief is no substitute for the sworn statement of facts which section 415.50 requires of the affiant").   Further, affidavits with mere conclusions do not satisfy the jurisdictional requirement either.   *See, e.g., Islamic Republic of Iran v. Pahlavi,* 160 Cal. App. 3d 620, 627 (1984) (holding that service was improper where, *inter alia,* the affidavit in support of the application for publication for publication consisted of "a medley of conclusions and political declamation and certainly fails to formulate a comprehensible cause of action").   "Unless the affidavit contains some such evidence tending to establish every material jurisdictional fact, the Judge has no legal authority to be satisfied, and, if he makes the order, he acts without jurisdiction, and

-16-

all proceedings based upon it are void." *Harris v. Cavasso*, 68 Cal. App. 3d 723, 726–27 (1977) (citing 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, s 639, pp. 1431—1432.)

Here, a declaration by Plaintiff's attorney, rather than Plaintiff's agent or representative, which contains no averments whatsoever as to what facts, if any, could support a cause of action against Defendants fails to meet the requirements of Section 415.50. *See, e.g., Rose*, 2013 WL 1285515 at *3; see also *Harris*, 68 Cal. App. at 726.

**C.   A Corporation Cannot be Served by Publication.**

"It is elementary that substituted service upon a foreign corporation may be made only in the manner and form authorized by statute." *Tri-State Mfg. Co. v. Super. Crt. for Los Angeles Cty.*, 224 Cal. App. 2d 442, 444 (1964). "An indispensable requisite is an affidavit showing that the corporation sought to be served is subject to California jurisdiction and that personal service of process cannot be had." *Tri-State*, 224 Cal. App. 2d at 444. Unlike with an affidavit in support of service by publication, an affidavit in support of service on the California Secretary of State may be submitted by the plaintiff's attorney. *Henry R. Jahn & Son, Inc. v. Super. Crt. In & For San Mateo Cty.*, 49 Cal. 2d 855, 858 (1958) (noting that "[t]he statute does not provide that the affidavit [for service on the Secretary of State] cannot be made by the plaintiff's attorney") (interpreting section 6501 of the Corporations Code).

The proper method for serving defendants generally is found in Article 3, "Manner of Service of Summons." Section 415.40, entitled "Service on Person Outside State," addresses serving parties outside California and provides that "[a] summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt." CAL. CIV. PROC. CODE § 415.40. However, section 417.20, entitled "Service outside state; manner," falling under Article 5, covering "Proof of Service," requires that "[p]roof that a summons was served on a person outside this state shall be made . . . . if service is made by mail pursuant to Section 415.40 [ . . . by] includ[ing

-17-

. . .] evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence." CAL. CIV. PROC. CODE § 417.20; *see also Stamps v. Super. Crt.*, 14 Cal. App. 3d 108, 110 (1971) (holding that "[t]he trial court deemed erroneously that the service described was adequate to comply with the law" where service of process "was sent by airmail, return receipt requested, but the return receipt was returned bearing the notice 'unclaimed,'" and as a result, "there was no 'signed receipt or other evidence' of delivery"). The Judicial Council Comments to Section 415.40 provide: "The person or persons to be served under this section are enumerated in Sections 416.10 through 416.90." An examination of Section 416.10 shows that it covers "Corporations Generally" and falls under Article 4, addressing "Persons Upon Whom Summons May be Served," but not Article 3, which addresses the manner of service.

Section 416.10, in turn, provides that a plaintiff may serve a summons "on a corporation by delivering a copy of the summons and the complaint by any of the following methods" to: (1) "the person designated as agent for service of process"; (2) "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process," (3) "[i]f the corporation is a bank, to a cashier or assistant cashier," and/or (4) "[i]f authorized by any provision in Section 1701, 1702, 2110, or 2111 of the Corporations Code (or Sections 3301 to 3303, inclusive, or Sections 6500 to 6504, inclusive, of the Corporations Code, as in effect on December 31, 1976, with respect to corporations to which they remain applicable)," which provide for service on the Secretary of State."[9] CAL. CODE CIV. PROC. § 416.10.

---

[9]     Sections 1701 and 1702 of the Corporations Code govern service of process on a domestic, California corporation, and as such, do not apply. *See* CAL. CORP. CODE §§ 1701; 1702. Similarly, Sections 3301 to 3303 govern social purpose corporations, and as such, do not apply to this case. Sections 6500 to 6504 of the Corporations Code were repealed effective January 1, 1977, and thus, likewise do not apply to this case. However, these

-18-

Thus, a plaintiff may serve the summons on a corporation by delivering it to the Secretary of State if authorized by one of the listed provisions of the Corporations Code. In this case, the only provisions applicable to a CDP, as a foreign corporation,[10] are sections 2110 and 2111 of the Corporations Code.

Section 2110 provides that valid service on a foreign corporation may be made by hand delivery of a copy of any process to (1) an officer of the corporation, general manager in this state, or assistance cashier if the corporation is a bank or (2) a designated individual or corporate agent for service of process. CAL. CORP. CODE § 2110. Section 2111 of the Corporations Code, however, provides for service of process upon the Secretary of State:

> If the agent designated for the service of process is a natural person and cannot be found with due diligence at the address stated in the designation . . . and if no one of the officers or agents of the corporation specified in Section 2110 can be found after diligent search and it is so shown by affidavit to the satisfaction of the court, then the court may make an order that service be made by personal delivery to the Secretary of State . . .

CAL. CORP. CODE § 2111; *see also* ARIZ. R. CIV. P. 4.1(j)(1) (providing that "[i]f a domestic corporation does not have an officer or an agent within Arizona on whom process can be served, the corporation may be served by depositing two copies of the summons and the pleading being served with the Arizona Corporation Commission").

Because section 2110 sets forth the various ways to serve a foreign corporation, and publication is not among the many statutes included, the Legislature must have intended to exclude publication as a means for service on foreign corporations. *See, e.g., N.L.R.B. v. SW Gen., Inc.*, 137 S. Ct. 929, 940 (2017) (noting that under the "interpretative canon, *expressio unius est exclusio alterius*, 'expressing one item of [an] associated

---

statutes were repealed and re-enacted as current sections 2100, *et seq.*, of California's Corporations Code.

[10] The Corporations Code defines a "foreign corporation" as "any corporation other than a domestic corporation." CAL. CORP. CODE § 171. As such, based on Plaintiff's allegations in the complaint, Defendant CDP, as an Arizona corporation, ECF No. 1 at 2:18-19, qualifies as a foreign corporation.

group or series excludes another left unmentioned"); *see also Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) (citing to the maxim *expressio unius est exclusio alterius* and noting that "the Federal Rules do address in Rule 9(b) the question of the need for greater particularity in pleading certain actions, but do not include among the enumerated actions any reference to complaints alleging municipal liability under § 1983," and as such, only amending the Federal Rules could bring such claims under the purview of Rule 9). Further, "[t]he meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible." *Lungren v. Deukmejian*, 45 Cal.3d 727, 735 (1988). "An interpretation that renders related provisions nugatory must be avoided; each sentence must be read not in isolation but in the light of the statutory scheme." *People ex rel. Allstate Ins. Co. v. Weitzman*, 107 Cal. App. 4th 534, 544 (2003), *as modified on denial of reh'g* (Apr. 24, 2003) (internal citations omitted). Thus, under the canons of statutory interpretation, courts must interpret statutory provisions in a way that would not make other provisions meaningless or superfluous. *Bare v. Barr*, No. 17-73269, 2020 WL 5541393, at *11 (9th Cir. Sept. 16, 2020); *see also Cal. v. Azar*, 911 F.3d 558, 569–70 (9th Cir. 2018), *cert. denied sub nom. Little Sisters of the Poor Jeanne Jugan Residence v. California*, 139 S. Ct. 2716 (2019) (providing that courts must "interpret [the] statut[e] as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous"); *see also Boise Cascade Corp. v. EPA*, 942 F.2d 1427, 1432 (9th Cir. 1991). Here, if corporations could be served by publication, then, the separate provisions governing for service on the Secretary of State might be meaningless or unnecessary.

Section 2111 falls under Chapter 21 of the Corporations Code, governing "Foreign Corporations," and provides that if no agent has been designated by a foreign corporation, then, "the court may make an order that service be made by personal delivery to the Secretary of State." CAL. CORP. CODE § 2111. Although both Section 416.10 of the Code

of Civil Procedure and Section 2111 of the Corporations Code both use the permissive term "may,"[11] the Court finds that the Legislature intended substituted service for corporations to be performed by service on the Secretary of State, rather than by publication, due to: (1) the California Legislature's enactment of (a) section 416.10, a specific statute addressing corporations, and (b) section 2111, a specific statute addressing service of process on foreign corporations by serving the California Secretary of State, along with (2) the fact that most caselaw allowing service by publication of a corporation precedes the enactment of these statutes.    This aligns with California authority indicating that service by publication should be a last resort. *Calvert*, 29 Cal. at 963 (2018).  Further, under manner of service, a party can only use publication if the defendant cannot be served with reasonable diligence by another manner specified, and service upon the California Secretary of State is another manner specified.  CAL. CIV. PROC. CODE § 415.50; ARIZ. R. CIV. P. 4.1(k)(1).

*McKendrick v. Western Zinc Mining Co.* (1913) 165 Cal. 24, 26-27 provides one of the more detailed discussions of serving a corporation by publication.  In *McKendrick*, which preceded the enactment of section 2011 of the Corporations Code, the California Supreme Court affirmed the denial of a motion to vacate default judgment and/or open

---

[11]    *Abatti v. Imperial Irrigation Dist.*, 52 Cal. App. 5th 236, 279 (2020), *as modified on denial of reh'g* (Aug. 5, 2020), *review filed* (Aug. 24, 2020) ("Both sections use the term 'may,' not 'shall' or 'must,' and . . . [t]hus, these statutory provisions permit, but do not require, compliance"); *see also Carver v. Lehman*, 558 F.3d 869, 875 (9th Cir. 2009) ("The statute, using classically permissive language, states that a "person convicted of a sex offense . . . *may* become eligible, in accordance with a program developed by the department, for transfer to community custody status in lieu of earned release time"); *see also Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 464–65 (1989) (providing that the language of a statute that stated "[v]isitors *may* be excluded" contained "language [that] is not mandatory").  Here, Section 416.10 provides that a summons *may* be served on a corporation through one of four methods, and one of those methods, provides that "[i]f authorized by any provision in Section 1701, 1702, 2110, or 2111 of the Corporations Code (or Sections 3301 to 3303, inclusive, or Sections 6500 to 6504, inclusive, of the Corporations Code, as in effect on December 31, 1976, with respect to corporations to which they remain applicable), as provided by that provision."

the default of a defendant mining company served by publication. 165 Cal. at 26-27. The court examined the question of whether a domestic corporation was properly served by publication after submission of "an affidavit to the effect that there is no president or other head of the corporation, no secretary, no cashier and no managing agent of the corporation within the state of California; that these officers had departed from the state and cannot after due diligence be found within the state of California." *Id.* at 26. "The first question presented by the appeal . . . [was] the claim that the law does not authorize the publication of summons in the case of a domestic corporation." *Id.* at 26. The Court noted that the pertinent section of the CCP authorizing service by publication—section 412,[12] which repealed Section 30 of the Civil Practice Act and is now today's section 415.50—authorized service by publication where the person cannot be found within the state after due diligence, and that the reference to "person" applied to domestic corporations. *Id.* at 26-27. The court also found that concluding the word persons did not include corporations would mean that in some cases, corporations would not be able to be served even though they were necessary parties to an action. *Id.* at 28. Today's statute, Section 415.50, mirrors former section 412 of the CCP and refers to whether "the party to be served cannot with reasonable diligence be served in another manner specified in this article"; however, the current statute uses the word "party" rather than "person."

The *McKendrick* court upheld service of process on a corporation by publication for a principal reason, which makes that case inapplicable to this case: At the time of *McKendrick*, there was no statute in effect authorizing service on a corporation by serving the Secretary of State, so if service could not be made by publication, some corporations

---

[12]       Enacted in 1872, section 412 of the Code of Civil Procedure was repealed and replaced in 1969 by Section 415.50, which authorizes service by publication. The *McKendrick* case also discussed section 411 of the Code of Civil procedure, which was likewise enacted in 1872 and repealed in and replaced in 1969 by section 416.10, *et seq.*, of the Code of Civil Procedure, which provides the methods by which a summons may be served upon a corporation.

would never be able to be served. *Id.* at 28. Thus, the court reasoned that "[a] corporation is often a necessary or proper party to a civil action in which constructive service is proper," and if a foreign corporation doing business in the state failed to designate an agent, "then, . . . it would be a nonresident person upon whom the service by publication could be made as upon natural persons." *Id.* at 28. As such, the court declined to apply the maxim *expression unius*, held the term "person," as used in section 412, should be given its generic meaning, and as a result, service was not invalidated by the fact that the defendant was a domestic corporation. *Id.* at 28.

The *McKendrick* decision was from 1913, but in 1931, the California Legislature enacted Civil Code, section 406a, which provided "that a foreign corporation doing business in the state must by a writing filed with the Secretary of State name some person as its agent upon whom process may be served, and on failure, summons in civil actions may be served upon the Secretary of State." *Liquid Veneer Corp. v. Smuckler*, 90 F.2d 196, 200 (9th Cir. 1937);[13] *see also Taylor v. Navigazione Libera Triestina*, 95 F.2d 907, 911 (9th Cir. 1938) (providing that "[t]he California statute provides that service on a foreign corporation doing business in the state can be made by service on the Secretary of State") (citing Civil Code of California, Sec. 406a, as amended by St. Cal. 1933, p. 1418). "Prior to the enactment of sections 405-406a, St.1931, pp. 1830-1832, a foreign corporation had no locus in this state," and "[n]o statute required it to designate, by a written statement duly filed in the office of the secretary of state, the location of its principal place of business in the state." *Bohn v. Better Biscuits, Inc.*, 26 Cal. App. 2d 61, 64-65 (1938).

In 1947, Civil Code, section 406a was repealed and replaced by Corporations Code, §§ 6500-6504, which was later repealed and replaced by Corporations Code § 2111 on January 1, 1977. Thus, at the time of the *McKendrick* opinion in 1913, no statute in California authorized service on a corporation by service upon the Secretary of State. As

---

[13]   *Liquid Veneer* appears to be the first and oldest California case to authorize service on the California Secretary of State based on statutory authorization.

-23-

a result, that case is not only inapposite but was likely superseded by statute—namely, California Civil Code, sections 406-406a, which were later repealed and replaced by Corporations Code, §§ 6500-6504, which were then repealed and replaced by current Corporations Code, § 2111.

Further, section 411 of the Code of Civil Procedure, governing service on a corporation, was repealed and replaced by Section 416.10 in 1969, and Section 2111 of the Corporations Code, which governs service on the Secretary of State for foreign corporations, was enacted in 1975. Most cases applying California law and granting an application for publication of summons on a corporation precede the enactment of Section 416.10 and Section 2111. *See, e.g., Watts v. D. & B. Oil Co.*, 63 Cal. App. 2d 742, 746–47 (1944) (noting that section 411 of the Code of Civil Procedure was amended in 1941, "making service of process upon the Secretary of State mandatory in most cases as the ***only*** means of achieving legal service upon a domestic corporation") (emphasis added); *Olender v. Crystalline Min. Co.*, 149 Cal. 482, 485 (1906) (providing that "the act of March 17, 1899, above referred to, evidently substitutes the service upon the Secretary of State for the service by publication formerly prescribed by the Code in cases where a defendant has no agent here") *distinguished by Watts v. D. & B. Oil Co.*, 63 Cal. App. 2d 742, 746–47 (1944); *Douglass v. Pac. Mail S.S. Co.*, 4 Cal. 304, 305 (1854) (affirming service by publication on a corporation by holding the corporations are included as non-residents under the statute in effect at the time covering service of process by publication).

The Court finds that the two cases the Court located from 2000 and 2015 conflict with California's statutory law along with the weight of authority on this issue. First, in *In re Ass'n of Volleyball Professionals*, 256 B.R. 313, 319 (Bankr. C.D. Cal. 2000), *declined to follow on other grounds* in *In re State Line Hotel, Inc.*, 323 B.R. 703, 710 (B.A.P. 9th Cir. 2005), *vacated and remanded*, 242 F. App'x 460 (9th Cir. 2007), the Bankruptcy Court in the Central District of California allowed the plaintiff to effect service of the claim objection on a non-responding presumed corporation by publication pursuant to section 415.50. The court reasoned that "[s]uch service is provided for by Rule 4(h)(1)

-24-

of the Federal Rules of Civil Procedure, through its incorporation by reference of the California law on service by publication"). *Id.* In another case, *Murray & Murray v. Raissi Real Estate Development, LLC* (2015) 233 Cal. App. 4th 379, 382-83, 389, the trial court granted the plaintiff permission to serve the defendant limited liability company by publication, and afterwards, the plaintiff secured a default judgment. *Id.* at 381-83. However, the California Court of Appeal reversed the lower court's judgment denying the motion to set aside the default judgment, not on the basis that a corporate entity cannot be served by publication, but rather, on the basis that the law firm had never attempted to mail anything to the addresses at which it could not personally serve the client. It stated that "a mailing address is not 'unknown' to a plaintiff merely because personal service could not be effected at that address." *Id.* at 383. The Court finds that the *Murray* court did not directly address the propriety of serving a corporation by publication; rather, it examined whether the evidence in support of the application for publication met the statutory requirements. Further, this Court disagrees with the *In re Asss'n of Volleyball* case as to the propriety of allowing a plaintiff to serve a corporate defendant by publication.

Additionally, the California Code of Civil Procedure also allows for service of process on a defendant outside the State of California "as prescribed by the law of the place where the person is served." CAL. CIV. PROC. CODE § 413.10(b). Under the Arizona Rules of Civil Procedure, an individual may be served by delivering a copy of the summons and complaint to the: (1) individual personally; (2) individual's dwelling or abode with someone of suitable age who resides there; or (3) agent authorized by appointment or law to receive service of process for the individual. ARIZ. R. CIV. P. 4.1(d). "If a domestic corporation does not have an officer or an agent within Arizona on whom process can be served, the corporation may be served by depositing two copies of the summons and the pleading being served with the Arizona Corporation Commission." ARIZ. R. CIV. P. 4.1(j)(1). Only "[i]f a party shows that the means of service provided in Rule 4.1(c) through 4.1(j) [service on the Corporation Commission] are impracticable," may the court order service in another manner. ARIZ. R. CIV. P. 4.1(k)(1). Thus, the Court finds it

persuasive that the Arizona Rules of Civil Procedure prohibit serving a corporation by publication unless service on the Secretary of State has been attempted first.

Finally, the Court likewise questions whether one contract with Plaintiff suffices to establish minimum contacts with the State of California for this Court to exercise personal jurisdiction over Defendants. *See*, *e.g.*, *Kourkene v. Am. BBR, Inc.*, 313 F.2d 769, 773 (9th Cir. 1963) (holding that the district court did not err in granting the motion to quash service made upon the defendant through the California Secretary of State where the defendant foreign corporation: (1) maintained its principal place of business in Philadelphia, Pennsylvania; (2) had never qualified to do business in California; (3) had never "maintained any office, records, agents, employees, distributors or representatives in California"; (4) had never "manufactured or produced any product or commodity for sale within California"; and (5) had never "shipped or sold any such product or commodity within California" and "[a]t the most, the evidence reveals a few isolated activities on the part of appellee in California"). Thus, any future declarations in support of a motion for publication should address this issue as well as include whether Plaintiff met all of the requirements of Rule 4 in order to recover the expenses of service of process. *See* FED. R. CIV. P. 4(d)(1) (providing that if a defendant fails to sign and return a form waiving service of process, "the court must impose on the defendant the (1) "expenses later incurred in making service" and (2) reasonable expenses, including attorney's fees, of any motion required to collect those service expenses").

In sum, because California requires business entities, both domestic and foreign, to be served by service upon the California Secretary of State, the Court also denies Plaintiff's Motion as to CDP.

### D.   The Court Declines Dismissal Without Prejudice.

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made

within a specified time." FED. R. CIV. P. 4(m); *see also* S.D. Cal. Civ. R. 4.1(a)-(b) (providing that "[s]ervice of process . . . must be performed in accordance with Rule 4, Fed. R. Civ. P.," but if "[o]n the one hundredth (100th) day following the filing of the complaint, or on the fourteenth (14th) day following an extension of time to serve, . . . proof of service has not yet been filed, the clerk will prepare an order to show cause with notice to plaintiff why the case should not be dismissed without prejudice"). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m).

In the present case, ninety (90) days after the complaint was filed was June 9, 2020. As such, because Plaintiff filed its Motion before that ninety (90) day deadline, the Court does not see cause to dismiss the action. However, Plaintiff must exercise more diligence than what has been exercised in the past.

## V. **CONCLUSION**

For the above reasons, the Court **DENIES** Plaintiff's Motion without prejudice and **GRANTS** Plaintiff a final ninety-day (90) day extension of time to effectuate service and/or re-file a Motion with a further showing of reasonable diligence.

**IT IS SO ORDERED.**

DATED:    November ⁄8 , 2020

_____
**HON. ROGER T. BENITEZ**
United States District Judge

-27-