1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIAN HILLS HOLDINGS, LLC, a California limited liability company, | ) Case No.: 3:20-cv-00461-BEN-AHG ) |
| Plaintiff, | ) **ORDER GRANTING MOTION TO** |
| v. | ) **SERVE THE SUMMONS AND** ) **COMPLAINT AS TO** |
| CHRISTOPHER FRYE, an individual; CONSTRUCTION & DESIGN PROFESSIONALS, CORP., an Arizona domestic for profit (business) corporation; and DOES 1-10, | ) **CONSTRUCTION & DESIGN** ) **PROFESSIONALS, CORP. ON THE** ) **SECRETARY OF STATE** ) ) **[ECF No. 7]** ) |
| Defendant. | ) ) |

## I.    INTRODUCTION

Plaintiff INDIAN HILLS HOLDINGS, LLC, a California limited liability company ("Plaintiff") alleges that Defendant CHRISTOPHER FRYE, an individual ("Mr. Frye"), and CONSTRUCTION & DESIGN PROFESSIONALS CORP., an Arizona corporation ("CDP") (collectively, "Defendants") took Plaintiff's money in exchange for promising to provide Plaintiff with goods. *See generally* Complaint, ECF No. 1 ("Compl."). However, even though Plaintiff sent Defendants the money, Plaintiff never received the goods, and Defendants have not refunded Plaintiff's money. *Id.*

Before the Court is Plaintiff's Motion for an Order Authorizing Service of the Summons and Complaint on Defendant CDP by service upon the Secretary of State (the

"Motion").  ECF No. 7.

The Motion was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure.  After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS** Plaintiff's Motion.

## II.   BACKGROUND

### A.   Statement of Facts

Plaintiff alleges that in November 2019, it entered into contracts to purchase Cultivation "Adult" Extreme Cubes for $182,000.00.  Compl. at 3:12-4:9. Plaintiff alleges it "provided the $182,000.00 to Defendants as full payment in accordance with the terms of the Agreement for the purchase of the Items."  *Id.* at 1:11-13.  However, Plaintiff alleges that it never received the goods, and "Defendants have failed to refund or reimburse Plaintiff for the full amount of the Agreement tendered by Plaintiff."  *Id.* at 6:24-25.

Plaintiff also alleges that (1) Defendant Christopher Frye "is an individual and citizen of the [S]tate of Arizona," (2) Defendant CDP is a domestic for-profit corporation, with its principal place of business at 3271 North Axtell Road, Florence, Arizona 85132, and (3) and Mr. Frye is the agent for service of process for CDP registered with the Arizona Secretary of State with an address of 3271 North Axtell Road, Florence, Arizona 85132 (the "Registered Agent Address").  Compl., ECF No. 1:20-26.

### B.   Procedural History

On March 11, 2020, Plaintiff filed a complaint against Defendants alleging claims for relief for (1) breach of written contract; (2) fraud; and (3) unjust enrichment.  Compl. That same day, the Clerk of the Court issued the summons in this case.  ECF No. 2.

On May 3, 2020, Plaintiff filed a Proof of Service, pursuant to which Rose Drogitis declared that on March 30, 2020 at 3:50 p.m., by delivering a "copy thereof" to Mr. Frye at the Registered Agent Address, she served (1) CDP and (2) Christopher Frye as an individual via certified mail with return receipt requested.  ECF No. 3, 4.  In other words, Plaintiff attempted to serve both Defendants by certified mail, and by mailing only one,

rather than two, copies of the complaint.

On May 30, 2020, Plaintiff filed a Motion for Service by Publication, accompanied by the Declaration of Dan Heilbrun in support thereof, seeking to serve both the individual and corporate defendants by publication.  ECF No. 5.  On November 18, 2020, this Court denied that Motion *without prejudice* because, *inter alia*, (1) Plaintiff's attempts to serve Defendants by mail did not effectuate service of process, (2) Plaintiff had failed to show reasonable diligence in attempting to serve the individual Defendant, Mr. Frye, and (3) service on a foreign corporation may not be accomplished by publication.  *See Indian Hills Holdings, LLC v. Frye*, 337 F.R.D. 293, 299 (S.D. Cal. 2020).  The Court gave Plaintiff a final ninety (90) day extension to serve Defendants.

On February 17, 2021, Plaintiff filed the instant Motion for an Order to Serve Defendant CDP by Service Upon the Secretary of State.  Motion, ECF No. 7 ("Mot.").

## III.   LEGAL STANDARD

A plaintiff may effectuate service of process of the summons and complaint in any judicial district of the United States pursuant to either (1) the law of the state in which the district court is located or (2) the methods approved by Rule 4 of the Federal Rules of Civil Procedure ("Rule 4").  FED. R. CIV. P. 4(e).  Under Rule 4, service may be made by delivering a copy of the summons and complaint to (a) the individual personally, (b) the person's dwelling "or usual place of abode[, leaving them] with someone of suitable age and discretion who resides there," or (c) "an agent authorized by appointment or by law to receive service of process."  *Id.*

Where service is made under Rule 4(e), courts "are governed by the decisions of the Supreme Court of California as to the scope and meaning of the California statute." *Mech. Contractors Ass'n of Am., Inc. v. Mech. Contractors Ass'n of N. Cal., Inc.*, 342 F.2d 393, 398-400 (9th Cir. 1965) (upholding service under California law upon California's Secretary of State on a New York corporation that had not been qualified to business in California but had, nonetheless, been doing business there).  California law allows courts to look to both California law governing service of process as well as the

law of the place where the defendant is located.  CAL. CIV. PROC. CODE § 413.10(b).

California law provides for various means of service, including but not limited to (1) personal delivery, CAL. CIV. PROC. CODE § 415.10; (2) leaving the summons and complaint with a person found at the office, dwelling, or house, *id.* at § 415.20; (3) service by Notice and Acknowledgement of Receipt, *id.* at § 415.30; (4) service by mail on persons outside the state, provided the return receipt is returned, *id.* at § 415.40; and (5) service by publication, *id.* at § 415.50.  Section 416.10 of the Code of Civil Procedure ("Section 416.10") lists "Corporations Generally" as a "person upon whom summons may be served."  That section provides that "[a] summons *may* be served on a corporation by delivering a copy of the summons and the complaint" to either (1) a designated agent, (2) an officer, manger, or other "person authorized by the corporation to receive service of process," (3) a cashier or assistant cashier if the corporation is a bank, or (4) the Secretary of State if authorized by, *inter alia*, Corporations Code section 2111 ("Section 2111").  CAL. CIV. PROC. CODE § 416.10; *see also* ARIZ. R. CIV. P. 4.1(d) (providing that under the Arizona Rules of Civil Procedure, an individual may be served by delivering a copy of the summons and complaint to the (1) individual personally, (2) individual's dwelling or abode with someone of suitable age who resides there, or (3) agent authorized by appointment or law to receive service of process for the individual).  Section 2111, which governs service on foreign corporations,[1] in turn, provides that service on the California Secretary of State may be made where none of the officers or agents of the corporation may be found after a reasonably diligent search or "if no agent has been designated."  CAL. CORP. CODE § 2111.

## IV.  **<u>DISCUSSION</u>**

Plaintiff argues that even though Mr. Frye, CDP's "designated agent for service of process (and sole shareholder), and its counsel have actual knowledge of the instant lawsuit, they have successfully evaded service of process to date namely by (1) failing to

---

[1]     The Corporations Code defines a "foreign corporation" as "any corporation other than a domestic corporation."  CAL. CORP. CODE § 171.  As such, Defendant CDP, as an Arizona corporation, qualifies as a foreign corporation.

provide a valid address for the designated agent for service of process to either the California Secretary of State or their home state's Secretary of State, (2) refusing to pick up mail sent to them at their alleged business address, and (3) otherwise providing vacant lots as addresses associated with their business." Mot. at 2:5-12.

"Section 416.10 [of California's Code of Civil Procedure] governs service of process upon corporations generally." *Gibble v. Car–Lene Research, Inc.,* 67 Cal. App. 4th 295, 303 (1998); *see also Rose v. Seamless Fin. Corp. Inc.*, No. 11-cv-00240-AJB-KSC, 2013 WL 1285515, at *6 (S.D. Cal. Mar. 26, 2013) (citing *Gibble*). California's Code of Civil Procedure (the "CCP") along with its Corporations Code jointly vest the courts with the authority to issue an order that service may be made upon the Secretary of State. CAL. CODE CIV. PROC. § 416.10. Courts may order service on the Secretary of State where (1) a plaintiff proves he or she is unable to personally serve a corporate defendant because the designated agent for service of process cannot with reasonable diligence be found at the address designated for personally delivering the process and (2) it is shown by affidavit or declaration that process cannot be served with reasonable diligence in any other way. CAL. CODE CIV. PROC. § 416.10; CAL. CORP. CODE §§ 1702 and 2111. Further, when a plaintiff presents a district court with evidence of a defendant intentionally evading service of process, the Ninth Circuit has affirmed a district court's ability to exercise "its discretionary powers to craft alternate means of service" in order "to ensure the smooth functioning of our courts of law." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002); *see also id.* at 1017 (affirming service on the defendant's attorney where (1) the defendant's attorney "had been specifically consulted by [defendant] regarding this lawsuit," (2) "knew of [the defendant]'s legal positions," and (3) "was in contact with [the defendant] in Costa Rica"); *Guifu Li v. A Perfect Day Franchise, Inc*, 281 F.R.D. 373, 388 (N.D. Cal. 2012).

As outlined below, Plaintiff's Motion is **GRANTED**. Even though Plaintiff still

-5-

failed to request a hearing date for its Motion,[2] as required by the Local Rules and noted in the Court's previous order, Plaintiff has shown an inability to serve CDP at its Registered Agent Address.  Plaintiff has also shown an inability to serve CDP in any other way. Further, failure to obtain a certificate of qualification[3] to do business in California or update the listing for an agent for service of process qualifies as a scenario warranting service on the California Secretary of State.  As such, because Defendant CDP failed to designate an agent for service of process in California, service on the Secretary of State is appropriate. *See* Mot. at 3:7-11.

### A.   The Registered Agent Cannot with Reasonable Diligence be Personally Served at the Designated Address

The primary and preferred method for service of process on a corporation is by delivering a copy of the summons and complaint to the person designated as the agent for service of process.  CAL. CIV. PROC. CODE. § 416.10.  In this case, Plaintiff made at least

---

[2]    Local Rule 7.1 requires that a hearing date must be requested from the clerk of the judge to whom a case is designed "for any matters on which a ruling is required."  S.D. Cal. Civ. R. 7.1(b); *see also id.* at subdivision (f) (requiring a motion to include the "hearing date and time").  Here, Plaintiff never requested a hearing date, and as such, the Motion should have been rejected.  S.D. Cal. Civ. R. 7.1(e)(7) (providing that "[t]he clerk's office is directed not to file untimely motions and responses . . . without the consent of the judicial officer assigned to the case").  However, the Court exercises its discretion to accept the Motion but cautions Plaintiff that it must comply with the Local Rules going forward.  Any further failure to comply with the Local Rules may result in sanctions the Court deems appropriate.

[3]    Any foreign corporation wishing to transact business within the State of California must first obtain a certificate of qualification from the Secretary of State.  CAL. CIV. PROC. CODE. § 2105(a).  In order to obtain that certificate, the foreign corporation must file a form, signed by a corporate officer stating, *inter alia*, (1) "[t]he name of an agent upon whom process directed to the corporation may be served within this state" and (2) "[i]ts irrevocable consent to service of process directed to it upon the agent designated and to service of process on the Secretary of State if the agent designated or the agent's successor is no longer authorized to act or cannot be found at the address given."  CAL. CIV. PROC. CODE. § 2105(a).  "The purpose of the certificate of qualification is to facilitate service of process and to protect against state tax evasion."  *The Capital Gold Grp., Inc. v. Nortier*, 176 Cal. App. 4th 1119, 1132 (2009).

nine attempts to personally serve CDP at the Registered Agent Address.

First, Advanced Attorney Services, Inc. attempted to serve Mr. Frye five times at the Registered Agent Address on March 17, 2020 at 11:52 a.m.; March 18, 2020 at 7:59 a.m.; March 19, 2020 at 7:05 p.m.; March 20, 2020; and March 23, 2020.  Exhibit C to Declaration of Daniel P. Heilbrun, Esq. ("Heilbrun Decl."), ECF No. 7-4 at 12.  Each attempt noted that no one answered the door, there were no vehicles parked in the driveway, and on one of the attempts, there was a package at the property addressed to a Cora Musgrave.  *Id.*

Second, Robert Harenberg, Jr. attested through a Declaration of Due Diligence that he made three additional separate attempts to serve CDP at the Registered Agent Address on June 1, 2, and 5, 2020.  Exhibit D to Heilbrun Decl., ECF No. 7-4 at 14.  This declaration states that the address is a residence, but the gates are locked and secured, and it is vacant inside.  *Id.*

Finally, Gary Buckner attested he made an additional attempt to serve Mr. Frye and CDP on December 15, 2020, which included a stakeout, at the Registered Agent Address.  Exhibit E to Heilbrun Decl., ECF No. 7-4 at 15-16; Heilbrun Decl., ECF No. 7-1 at 2, ¶ 8.  This declaration states that the address is for a vacant mobile home with no furnishings inside or window coverings.  Exhibit E to Heilbrun Decl., ECF No. 7-4 at 15-16.  Mr. Buckner stated that he spoke with the nearest neighbor, who indicated that no one had lived there for over six months.  *Id.*

Based on these attempts, the Court finds that CDP cannot with reasonable diligence be personally served at the address listed with the Arizona Secretary of State for service of process.

### B.   **CDP Cannot be Served With Reasonable Diligence in Any Other Way**

"It is elementary that substituted service upon a foreign corporation may be made only in the manner and form authorized by statute." *Tri-State Mfg. Co. v. Super. Crt. for Los Angeles Cty.*, 224 Cal. App. 2d 442, 444 (1964).  Unlike with an affidavit in support of service by publication, which must be submitted by the plaintiff rather than his or her

attorney, an affidavit in support of service on the California Secretary of State may be submitted by the plaintiff's attorney. *Henry R. Jahn & Son, Inc. v. Super. Crt. In & For San Mateo Cty.*, 49 Cal. 2d 855, 858 (1958) (noting that "[t]he statute does not provide that the affidavit [for service on the Secretary of State] cannot be made by the plaintiff's attorney") (interpreting section 6501 of the Corporations Code). "An indispensable requisite is an affidavit showing that the corporation sought to be served is subject to California jurisdiction and that personal service of process cannot be had." *Tri-State*, 224 Cal. App. 2d at 444.

In this case, this Court previously took judicial notice of the fact that CDP has no registration with the California Secretary of State and is a foreign corporation. Order, ECF No. 6 at 5:19-21, 8:19-24. The Court also now takes judicial notice of the fact that CDP's Arizona Secretary of State registration shows that its principal and designated agent for service of process is Mr. Frye, and that its address for service of process is the Registered Agent Address. *See* Mot. at 4:15-16; *see also* Exhibit A to Heilbrun Decl., ECF No. 7-4 at 2-3; Fed. R. Evid. 201(c)(1) (allowing courts to take judicial notice *sua sponte*); *L'Garde, Inc. v. Raytheon Space and Airborne Sys.*, 805 F. Supp. 2d 932, 937-38 (C.D. Cal. 2011) (taking judicial notice of records from the California Secretary of State website). The Registered Agent Address is also the address listed on the relevant purchase agreement. Mot. at 4:17-19 (citing Heilbrun Decl. ¶ 2 at Exhibit A). Because CDP is a foreign corporation, in order to authorize substitute service, Plaintiff must show both that (1) CDP is subject to California jurisdiction and (2) personal service cannot be had made in any other way. *Tri-State*, 224 Cal. App. 2d at 444. The Court finds Plaintiff has made both showings as outlined below.

### 1.  *The Court Has Personal Jurisdiction Over Defendants*

In its previous order, the Court expressed concern over "whether one contract with Plaintiff suffices to establish minimum contacts with the State of California for this Court to exercise personal jurisdiction over Defendants." Order, ECF No. 6 at 26:3-14. The Court asked Plaintiff to address this issue. *Id.* at 26:14-20. In response, Plaintiff has shown

that reasonable grounds exist to assert personal jurisdiction over Defendants.

The Due Process Clause of the Fourteenth Amendment limits the power of courts to enter judgments against non-resident defendants who have not been served with process within the boundaries of the state in which the court asserting jurisdiction sits. *Pennoyer v. Neff*, 95 U.S. 714 (1877), *overruled in part by Shaffer v. Heitner*, 433 U.S. 186 (1977); *see also* U.S. CONST. AMEND. XIV, § 1 (preventing states from depriving "any person of life, liberty, or property, without due process of law"). In order to subject a non-resident defendant to personal jurisdiction, he or she must have enough minimum contacts with the forum state that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945). By requiring these individuals to have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign," *Shaffer,* 433 U.S. at 218 (Stevens, J., concurring in judgment), the Due Process Clause "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit," *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). In that vein, "[i]t is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that State." *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957). "The forum State [also] does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State" and those products subsequently injure forum consumers. *World-Wide*, 444 U.S. at 297-98.

In order to examine whether personal jurisdiction over a defendant is appropriate, courts first determine whether it is authorized and Constitutional. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). Although 28 U.S.C. § 1332(a)(1) authorizes federal courts to assert "original jurisdiction of all civil actions where the matter in *controversy* exceeds the sum or value of $75,000 . . . and is between—citizens of different States," such as this

case, there is no federal statute expressly authorizing jurisdiction over nonresident defendants who breach a contract with a California business.  If no federal statute authorizes jurisdiction, the district court applies the law of the state in which it sits.  FED. R. CIV. P. 4(k)(1)(A); *Collegesource v. Academic One*, 653 F.3d 1066 (9th Cir. 2011). California's long-arm statute permits jurisdiction coextensively with the due process clause, authorizing jurisdiction wherever allowed by the state.  CAL. CIV. PROC. CODE § 410.10; *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). Thus, courts analyze whether personal jurisdiction over a defendant comports with federal due process requirements by examining whether a basis exists to assert general jurisdiction or specific jurisdiction.  *Loomis v. Slendertone Distribution, Inc.*, 420 F. Supp. 3d 1046, 1064 (S.D. Cal. 2019) (Anello, J.).

General jurisdiction—as applied to a corporation—arises when a foreign corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State."  *Loomis*, 420 F. Supp. 3d at 1064-65 (internal quotations omitted).  Courts have asserted general jurisdiction over a defendant where the defendant has been served with process while voluntarily within the form, is domiciled within the forum, or consents to the Court's jurisdiction.  *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880-82 (2011) (Kennedy, J., plurality); *Pennoyer v. Neff*, 95 U.S. 714, 722 (1877).  However, the Ninth Circuit has held that a corporation is not subject to general jurisdiction in California where, *inter alia*, it (1) has its principal place of business outside the forum state; (2) has no office, staff, or physical presence in the forum state; (3) was not licensed within the forum state; (4) indirectly made purchases of items imported by California entities; or (4) had a California choice-of-law provision in some of its sales contracts.  *Loomis*, 420 F. Supp. 3d at 1065 (holding that "[g]iven the facts that Defendant is neither incorporated in nor has its principal place of business in California, Plaintiff has not provided the Court with sufficient evidence to meet the exacting standard of being 'essentially at home' in California").  Thus, the traditional bases for general jurisdiction (e.g., the place of incorporation or principal place of business for a corporation) appear to

be outside the forum state, and given CDP was not registered with the California Secretary of State, general jurisdiction appears to be improper.

"Where general jurisdiction is inappropriate, a court may still exercise specific jurisdiction if the defendant has sufficient contacts with the forum state in relation to the cause[s] of action." *Sher*, 911 F.2d at 1361 (citing *Data Disc, Inc. v. Sys. Tech. Assocs.*, Inc., 557 F.2d 1280, 1286 (9th Cir. 1977)).  The relevant test for applying personal jurisdiction in the instant case will be the Ninth Circuit's three-pronged test for determining whether a defendant meets the Supreme Court's minimum contacts test for asserting specific jurisdiction.  *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2020).  This test examines whether the (1) defendant has purposefully (a) directed his activities towards the forum state or initiated a transaction with the forum state or one of its residents or (b) availed himself of the privileges and benefits of the forum state permitting him to benefit from the protections of its laws; (2) cause of action arises out of the defendant's activities related to the forum state; and (3) assertion of jurisdiction is reasonable and comports with "fair play and substantial justice." *See id.*

In this case, Plaintiff argues that the CDP has sufficient minimum contacts with California to allow the Court to assert personal jurisdiction over CDP and Mr. Frye.  Mot. at 6:20-23.  A member of Plaintiff's company, Vincent Espinoza, submitted a declaration in support of Plaintiff's Motion, attesting to the fact that (1)  Mr. Frye said that he regularly did business in California; (2) he met with Mr. Frye in person in Campo, California to negotiate the terms of the sale of the goods; (3)  Mr. Frye represented to Mr. Espinoza that he had an employee in Riverside, California and the goods to be sold were stored in Santa Maria, California; and (4)  Mr. Frye refuses to provide Mr. Espinoza with an address at which he may be served.  Declaration of Vincent Espinoza, ECF No. 7-3 ("Espinoza Decl.") at 1-2, ¶ 3-7.  As such, Plaintiff contends the Court may assert jurisdiction over Defendants because (1) Defendants' actions harmed Plaintiff, a California business, and the effects of that harm are felt in California; (2) Mr. Frye traveled to California in 2019 to

-11-

1 | meet with Mr. Espinoza in person to negotiate the terms of the contract allegedly breached;
2 | (3) the goods at issue were stored in California; (4) Mr. Frye told Plaintiff he had an
3 | employee in Riverside, California; (5) the agreement called for the goods to be delivered
4 | in California; (6) Defendants represented to Plaintiff that they regularly engage in business
5 | in California; and (7) Mr. Frye is currently contracting to do a job for Plaintiff in
6 | Sacramento, California.  Mot. at 7:22-8:19, 9:1-15 (citing Espinoza Decl. at ¶¶ 2-7).

7 |      Plaintiff argues that these facts demonstrate that (1) Defendants have purposeful
8 | directed their activities towards the forum state, including by initiating a transaction with
9 | a resident of the forum state; (2) the cause of action arises of Defendants' activities in
10 | California; and (3) assertion of jurisdiction comports with fair play and substantial justice.
11 | The agreement attached to the complaint confirms that if the contract is binding, the goods
12 | were to be transferred in Santa Maria, California.  *See, e.g.*, Compl., ECF No. 1-3 at 3, § 4
13 | ("On the Closing date the inventory, equipment, and fixtures to be transferred will be
14 | located at Santa Maria, California, and will not be removed without the written consent of
15 | the Buyer."); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 487 (1985) (holding
16 | that because the defendant "established a substantial and continuing relationship with
17 | Burger King's Miami headquarters, received fair notice from the contract documents and
18 | the course of dealing that he might be subject to suit in Florida, and . . . failed to demonstrate
19 | how jurisdiction in that forum would otherwise be fundamentally unfair, . . . the District
20 | Court's exercise of jurisdiction . . . did not offend due process").  Further, that same
21 | agreement, although not fully executed, was signed by Mr. Frye and includes a California
22 | choice of law clause.  *See* Compl., ECF No. 1-3 at 6, § 15(a). "In assessing personal
23 | jurisdiction, the plaintiff 'need only demonstrate facts that if true would support jurisdiction
24 | over the defendant.'"  *Ameron v. Anvil Indus., Inc.*, 524 F.2d 1144, 1145 (9th Cir. 1975)
25 | (quoting *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)).  The Court finds Plaintiff
26 | has demonstrated sufficient facts that if true would support jurisdiction over Defendants.

### **2.**   *Defendants Cannot be Served with Process by Other Means*

28 |      Plaintiff has shown that efforts to serve Defendants by mail, at alternate addresses,

1    and by service upon Defendants' attorney have proven unsuccessful.

2                              a.    Service by Mail

3          Section 415.40 of the CCP, entitled "Service on Person Outside State," addresses

4    serving parties outside California and provides that "[a] summons may be served on a

5    person outside this state in any manner provided by this article or by sending a copy of the

6    summons and of the complaint to the person to be served by first-class mail, postage

7    prepaid, requiring a return receipt."  CAL. CIV. PROC. CODE § 415.40.  However, section

8    417.20 of the CCP, falling under Article 5, covering "Proof of Service," requires that where

9    a summons is served by mail on a person outside of California pursuant to section 415.40,

10   a plaintiff must provide proof of service in the form of "evidence satisfactory to the court

11   establishing actual delivery to the person to be served, by a signed return receipt or other

12   evidence."  CAL. CIV. PROC. CODE § 417.20; *see also Stamps v. Super. Crt.*, 14 Cal. App.

13   3d 108, 110 (1971) (holding that "[t]he trial court deemed erroneously that the service

14   described was adequate to comply with the law" where service of process "was sent by

15   airmail, return receipt requested, but the return receipt was returned bearing the notice

16   'unclaimed,'" and as a result, "there was no 'signed receipt or other evidence' of delivery").

17         In this case, Mr. Heilbrun stated that he "searched the Arizona Secretary of State

18   business search portal" and located the relevant filing for CDP, which showed that Mr.

19   Frye was the registered agent for service of process, and the address for service was the

20   Registered Agent Address.  Heilbrun Decl., ECF No. 7-1 at 1, ¶ 2.  He also stated that he

21   verified the Registered Agent Address "via a commercially available company locator and

22   background check platform maintained by LexisNexus [sic]."  Mot. at 4:19-21 (citing

23   Exhibit B).

24         Plaintiff has also attempted service by Notice of Acknowledgment and Receipt,

25   pursuant to CCP section 415.30(a); however, the "[m]ail was returned as 'undeliverable.'"

26   Mot. at 5:6:10-12 (citing Heilbrun Decl. ¶ 4).  Service by mail, pursuant to CCP section

27   415.50 was also attempted by sending the summons and complaint by certified mail,

28   returned receipt requested on March 30, 2020 to the Registered Agent Address, but the

                                       -13-

mail was also returned as undeliverable.  Mot. at 6:9-12 (citing Heilbrun Decl. ¶ 5); *see also* Exhibit K to Heilbrun Decl., ECF No. 7-4 at 72-76 (showing a proof of Service on CDP and attaching certified mail receipts to Mr. Frye and CDP at the Registered Agent Address).

Thus, Plaintiff attempted service by both Notice and Acknowledgement of Receipt and certified mail, neither of which resulted in successful service.

### b.  Service at Alternate Addresses

On December 18, 2020, Mr. Buckner attempted to serve Defendants at another address, 454 N. Pinal Parkway, Florence, AZ 85132,[4] and performed a stakeout at that address, but the address was a vacant lot with no structured buildings nearby.  Exhibit E to Heilbrun Decl., ECF No. 7-4 at 15-16; *see also* Heilbrun Decl., ECF No. 7-1 at 2, ¶ 9. "Plaintiff and Plaintiff's counsel searched several commercially available and free databases for both CDP and Chris Frye in order to find any additional address for either, [but] these searches provided no additional information."  Mot. at 5:7-10 (citing Nannicola Decl. ¶ 6; Heilbrun Decl. ¶ 2).  Thus, Plaintiff made a reasonably diligent effort to locate and attempt service of process at alternate addresses.

### c.  Service on Defendants' Attorney

Mr. Heilbrun also states that he asked Defendants' counsel, Karen A. O'Neil ("Ms. O'Neil") if she would accept service of process on behalf of her clients, but she informed him that even though she represented Defendants, she was not authorized to accept service of process on their behalf.  Mot. at 6:15-18 (citing Heilbrun Decl., ECF No. 7-1 at 2, ¶ 6 at Exhibit F).  However, she requested a copy of the summons and complaint, which Mr. Heilbrun provided.  *Id.*  She also asked that Plaintiff refrain from attempting the default of

---

[4]     Armand Nannicola, another member of Plaintiff's company, stated that he obtained a business card with CDP's address at 454 N. Pinal Parkway, Florence, AZ 85132. Declaration of Armand Nannicola, ECF No. 7-2 at 1, ¶ 6; *see also* Mot. at 5:6-7.  Also, "Advanced Attorney Service, a registered process server hired by Plaintiff, performed a search of their own databases and discovered" that same address from CDP's business cards as also being associated with CDP.  Mot. at 5:1-7 (citing Heilbrun Decl. ¶ 7).

Mr. Frye despite refusing to respond to the at least four requests by Plaintiff's counsel to have her accept service of process on Mr. Frye's behalf.  Exhibit G to Heilbrun Decl., ECF No. 7-4 at 22, 24, 28, 35.

In sum, Section 416.10 of the CCP, governing service of process on corporations allows service of process on four categories of individuals: (1) the designated agent for service of process; (2) "the president, chief executive officer, or . . . person authorized by the corporation to receive service of process," (3) a cashier if the corporation is a bank, or (4) "[i]f authorized by any provision in . . . the Corporations Code," the Secretary of State.  CAL. CODE CIV. PROC. § 416.10.  Plaintiff has shown an inability to serve the individuals designated under the first two categories (*i.e.*, a designated agent for service of process or appropriate corporate officer).  *See id*.  Further, because CDP is not a bank, the third category of individuals is inapplicable.  As a result, Plaintiff may serve the summons and complaint on CDP by delivering it to the Secretary of State if authorized by one of the listed provisions of the Corporations Code.

In this case, the only provisions applicable to CDP, as a foreign corporation, are sections 2110 and 2111 of the Corporations Code.  Section 2111 of the Corporations Code provides for service of process upon the Secretary of State:

> If the agent designated for the service of process is a natural person and cannot be found with due diligence at the address stated in the designation . . . and if no one of the officers or agents of the corporation specified in Section 2110 can be found after diligent search and it is so shown by affidavit to the satisfaction of the court, then the court may make an order that service be made by personal delivery to the Secretary of State . . .

CAL. CORP. CODE § 2111; *see also* ARIZ. R. CIV. P. 4.1(j)(1) (providing that "[i]f a domestic corporation does not have an officer or an agent within Arizona on whom process can be served, the corporation may be served by depositing two copies of the summons and the pleading being served with the Arizona Corporation Commission").

Additionally, the California Code of Civil Procedure also allows for service of process on a defendant outside the State of California "as prescribed by the law of the place where the

-15-

1 person is served."  CAL. CIV. PROC. CODE § 413.10(b).  Under the Arizona Rules of Civil
2 Procedure, "[i]f a domestic corporation does not have an officer or an agent within Arizona
3 on whom process can be served, the corporation may be served by depositing two copies
4 of the summons and the pleading being served with the Arizona Corporation Commission."
5 ARIZ. R. CIV. P. 4.1(j)(1).

6 Although the Court finds that service on the California Secretary of State may be
7 appropriate in this case, especially given Defendants have actual notice of this lawsuit, it
8 also determines that given CDP never registered to do business in California, service on
9 the Arizona Corporation Commission most comports with traditional notions of fair play
10 and substantial justice.

11 **C.   Doe Defendants**

12 As a final matter, Plaintiff has named Does 1 through 10 in this lawsuit.  Unlike
13 California code pleading, the Federal Rules of Civil Procedure ("FRCP") neither authorize
14 nor prohibit the use of fictitious parties; however, FRCP 10 does require a plaintiff to
15 include the names of all parties in his complaint. *See Keavney v. Cty. of San Diego*, No.
16 319CV01947AJBBGS, 2020 WL 4192286, at *4-5 (S.D. Cal. July 21, 2020) (Battaglia, J.)
17 (citing FED. R. CIV. P. 10(a)).  Further, naming doe defendants implicates Rule 4 requiring
18 service of the complaint. *Id.* (noting that "it is effectively impossible for the United States
19 Marshal or deputy marshal to fulfill his or her duty to serve an unnamed
20 defendant"); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, 2018 WL 3580764, at
21 *6 (D. Haw. July 25, 2018) (same).  "A plaintiff may refer to unknown defendants as
22 Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege specific facts
23 showing how each particular doe defendant violated his rights."  *Keavney*, 2020 WL
24 4192286 at *4-5.  Where a plaintiff fails to link the alleged wrong or explain how any of
25 the unidentified parties he sued personally caused a violation of his rights, the court must
26 dismiss those individuals, especially when they have not been served.  *See, e.g.*, FED. R.
27 CIV. P. 4(m) (providing that "[i]f a defendant is not served within 90 days after the
28 complaint is filed, the court—on motion or on its own after notice to the plaintiff—must

-16-

dismiss the action without prejudice against that defendant or order that service be made within a specified time."); *see also* S.D. Cal. Civ. R. 41.1(a); *Keavney*, 2020 WL 4192286 at *4-5 (dismissing the plaintiff's first amended complaint).

Even if the FRCP permitted doe defendant pleading, Plaintiff would still need to seek leave of court in order to substitute in the true names of those defendants. As such, the Court dismisses the doe defendants. Plaintiff may seek leave of court to file an amended complaint if and when that is necessary.

## V.    CONCLUSION

For the above reasons, the Court **GRANTS** Plaintiff's Motion. Plaintiff may affect service or process on Defendant CDP by serving two copies of the summons and complaint on the Arizona Corporation Commission. All doe defendants are dismissed from this case *without prejudice*.

**IT IS SO ORDERED.**

DATED:    March 25, 2021

_____
**HON. ROGER T. BENITEZ**
United States District Judge

-17-